UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAN ALAMAGUER ALANIZ, RICHARD
BAUMAN, ANITA BENAVIDEZ, SHERRY
BILL, ROBERT BREWER, JR., LA'SHAUNDRIA
CARSON, STEVEN CLARK, BRIAN COON,
MAE CORK BRANDON, JACOB CORONADO,
JONATHAN FLORA, MARY FRANZ, L.C.          Case No. 05-10323
HARRIS, JR., DONALD HASSE, KRISTIN        Honorable David M. Lawson
HATFIELD, ANTOINE JAKES, JOSHUA
JEKEL, MICHAEL JEWELL, MANDER JOHNSON,
JR., VIELLA JOHNSON, CAROL LAMPHERE,
RACHEL LEDESMA, LINDA LUEBBERT,
RODNEY O'CONNOR, BRENDA PICHOTTE,
BRETT PODOBA, DANIEL ROLAND, KURT
STEMPLE, WARREN STRONG, ROBIN THOMAS,
MAURICE THOMPSON, VALENTINO TORRES,
DANTAE TYSON and JAMES WILLIS,

                                            Plaintiffs,

v.

SAGINAW COUNTY,

                                            Defendant.
_____/

## ORDER PRELIMINARILY APPROVING SETTLEMENT AGREEMENT AND CONDITIONALLY CERTIFYING CLASS

This matter is before the Court on the plaintiffs' motion to certify a settlement class and approve a proposed settlement with the defendant. The plaintiffs commenced this suit challenging the practice of Saginaw County of placing pretrial detainees in administrative segregation without adequate covering. The parties have entered into a conditional settlement where the defendant agrees to injunctive relief prohibiting unconstitutional segregation cell policies, as well as pay a lump sum to settle all outstanding cases. The parties propose that the money will be allocated among the plaintiffs based on decisions by a three-member awards panel consisting of retired Judge

Pamela R. Harwood, Peggy Goldberg Pitt, and a representative from the American Civil Liberties Union of Michigan. *See* Pl.s' Mot., Ex. 3. The settlement is conditioned on a class being certified, and the parties propose naming Rachel Ledesma, one of the several named plaintiffs in this case, as the class representative.

The parties request that the Court entertain objections by potential class members at two stages. First, the Court will consider any objections by class members to the proposed settlement, including the adequacy of the injunctive relief and the process of allocating awards. If the Court approves the settlement, the Court will next consider any objections by a plaintiff that his or her award from the three-member panel is unfair.

To qualify for class certification, a class must meet the requirements of numerosity, commonality, typicality, and adequate representation. Fed. R. Civ. P. 23(a). A class also must satisfy one of the subsections of Federal Rule of Civil Procedure 23(b) to be certified. Rule 23(b)(2) provides that a class action may be maintained if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The parties have proposed a class definition of "[a]ll current plaintiffs" and [a]ll persons who were placed in a segregation cell at the Saginaw County jail on or after April 24, 2001 in either a naked or partially-naked condition or who were provided with a gown which did not adequately cover the person's genitalia." Pl.s' Br. at 8. Upon initial review, the Court finds that the proposed class may meet all of the requirements of Rule 23(a) as well as Rule 23(b)(2). However, the Court has reservations about the open-ended nature of the class definition. The Court believes that the class should be limited to those individuals taken into custody on or before March 3, 2006, the day the

latest amended complaint was filed.

The first prerequisite to class certification under Rule 23(a) is numerosity. *Olden v. LaFarge Corp.*, 203 F.R.D. 254, 268 (E.D. Mich. 2001), *aff'd* 383 F.3d 495 (6th Cir. 2004). Although there is no strict numerical test to determine when the class is large enough or too numerous to be joined under the Federal Rules of Civil Procedure, *Senter v. General Motors Corp.*, 532 F.2d 511, 523 n. 24 (6th Cir. 1976), "'substantial' numbers usually satisfy the numerosity requirement," *Daffin v. Ford Motor Co.*, 458 F.3d 549, 552 (6th Cir. 2006) (quoting *In re Am. Med. Sys.*, 75 F.3d 1069, 1079 (6th Cir. 1996)). "In keeping with the notion that the standard is not strictly numerical, however, there is no need to prove the exact number of class members. 'Where the exact size of the class is unknown but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied.'" *Curry v. SBC Communications, Inc.*, 250 F.R.D. 301, 310 (E.D. Mich. 2008) (quoting *Orantes-Hernandez v. Smith*, 541 F. Supp. 351, 370 (C.D. Cal. 1982)). "In most cases, a class in excess of forty members will do." *Ibid.* (collecting cases). Sixty-four plaintiffs have been involved in this litigation at various times in this case alone. There could be dozens more who were detained pursuant to the County's unlawful practice after 2001 through March 3, 2006. It appears that numerosity is established.

Commonality is the second prerequisite for class certification and simply demands that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This provision does not mandate that *all* questions of law and fact raised in the complaint are common. Rather, "Rule 23(a) simply requires *a* common question of law or fact." *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 884 (6th Cir. 1997) (emphasis added). All members of the proposed class were detained allegedly pursuant to an unconstitutional practice, and all seek an injunction preventing this

practice in the future. It presently appears that the proposed class satisfies commonality.

The third prerequisite for class certification is typicality. Fed. R. Civ. P. 23(a)(3) (providing that "the claims or defenses of the representative parties [must be] typical of the claims or defenses of the class"). A named plaintiff's claim is typical if "it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *In re Am. Med. Sys., Inc.*, 75 F.3d at 1082 (internal quotation marks omitted). The plaintiffs propose Rachel Ledesma, who was detained without a gown, as a class representative. It appears at this time that Ledesma has a typical claim as that of the class.

The final requirement under Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Adequate representation" invokes two inquiries: (1) whether the class counsel are "qualified, experienced and generally able to conduct the litigation" and (2) whether the named plaintiffs have interests that are "antagonistic" to the other class members. *Stout v. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000). Here, counsel is well-qualified, and has pursued ably the claims of the plaintiffs, obtaining favorable results in related cases. Similarly, it appears to the Court that Ms. Ledesma's interests align with that of the proposed class members.

Rule 23(b)(2) authorizes a class action when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Certification under this rule is appropriate only when declaratory or injunctive relief "predominate" over claims for monetary damages. *Reeb v. Ohio Dept. of Rehabilitation and Correction*, 435 F.3d 639, 651 (6th Cir. 2006). The Sixth Circuit has noted that "[d]isputes over whether [an] action is primarily for

injunctive . . . relief rather than a monetary award neither promote the disposition of the case on the merits nor represent a useful expenditure of energy. Therefore, they should be avoided. If the Rule 23(a) prerequisites have been met and injunctive or declaratory relief has been requested, the action usually should be allowed to proceed." *Olden v. LaFarge Corp.*, 383 F.3d 495, 510-11 (6th Cir. 2004) (quoting 7A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure, 2d. § 1775). Here, the plaintiffs request injunctive and declaratory relief. At this time it appears that the case may proceed as a Rule 23(b)(2) class.

Having found that the proposed class as modified may qualify for certification under Rule 23(a) and (b)(2), the Court must determine whether this settlement should bind this class. Rule 23(e) states, "The court must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a certified class." Fed. R. Civ. P. 23(e). In deciding whether to approve a class action settlement, the "ultimate issue" for the Court is whether the proposed settlement "is fair, adequate, and reasonable." *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983). District courts must "appraise the reasonableness of particular class-action settlements on a case-by-case basis, in light of all the relevant circumstances." *Evans v. Jeff D.*, 475 U.S. 717, 742 (1986). "Several factors guide the inquiry: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *International Union, United Auto., Aerospace, and Agr. Implement Workers of America v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

The proposed settlement calls for the issuance of a permanent injunction, plus a payment of $462,000 to be used to pay costs and attorney's fees in the amount of $167,421.71, with the balance

distributed among the class members, with individual awards not exceeding $25,000. The proposed settlement between the plaintiff class and the defendant appears, upon preliminary review, to be within the range of reasonableness. There are no claimed physical injuries, and the damage cap approximates jury awards in prior similar cases.

The parties have agreed that notice of the class and the proposed settlement will be published in the *Saginaw News* once a week for two weeks and mailed by first class mail to known potential class members. Rule 23 provides that "the court may direct appropriate notice to the class," Fed. R. Civ. P. 23(c)(2)(A), and "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). The Court finds that the proposed notice, attached as exhibit 4 to the plaintiffs' motion, meets the requirements of Rule 23(c)(2)(A) and 23(e), except that the class definition must be modified as stated in this order.

Accordingly, it is **ORDERED** that this case is conditionally certified as a class action on behalf of the following class of plaintiffs: "All current plaintiffs" and "All persons who were placed in a segregation cell at the Saginaw County jail on or after April 24, 2001 through March 3, 2006 in either a naked or partially naked condition or who were provided with a gown which did not adequately cover the person's genitalia."

It is further **ORDERED** that the proposed class settlement agreement is preliminarily approved.

It is further **ORDERED** that the proposed settlement agreement shall be submitted to the class members for their consideration and for a hearing under Fed. R. Civ. P. 23(e). Class counsel shall mail, by first class mail, postage prepaid, the proposed notice of class settlement to all class members who can be identified through reasonable efforts **on or before May 25, 2009.**

It is further **ORDERED** that the parties provide notice to the potential class as directed in this Court's June 16, 2006 order establishing deadlines with respect to the settlement agreement, and in addition shall cause the notice to be published in the *Saginaw News* in the form attached in exhibit 4 to the plaintiffs' motion, as amended.

It is further **ORDERED** that class counsel shall be responsible for maintaining a file of all responses to the notice of settlement and any and all other written communications received from the plaintiff class members. Class counsel shall immediately provide such responses and communications to the defendant's counsel.

It is further **ORDERED** that a hearing on the plaintiffs' motion [dkt. #102] shall be held at **10:00 a.m. on Monday, June 29, 2009**, in Courtroom 860 of the Theodore Levin United States District Courthouse, located at 231 West Lafayette Boulevard in Detroit, Michigan, to consider whether the settlement should be given final approval.

It is further **ORDERED** that if an appearance is filed and served as set forth below, any plaintiff class member may appear at the settlement hearing in person or by counsel and be heard to the extent allowed by this Court, either in support of or in opposition to the good faith, fairness, reasonableness, and adequacy of the proposed settlement; however, no person shall be heard in opposition to the proposed settlement agreement, or to the requested designation of class counsel's attorney's fee, and no pleadings submitted by any such person shall be accepted or considered by this Court unless, **on or before June 25, 2009**, such person: (a) has filed with the Clerk of Court a notice of such person's intention to appear, together with a statement that indicates the basis for such opposition along with any supporting documentation, and (b) has served copies of such notice, statement, and documentation, together with copies of any other pleadings that such person has filed

with the Court upon plaintiffs' co-counsel, Michael L. Pitt, 117 West Fourth Street, Suite 200, Royal Oak, Michigan 48067, (248) 398-9800 (phone), (248) 398-9804 (fax), mpitt@pittlawpc.com; plaintiffs' co-counsel Loyst Fletcher, 718 Beach St., Flint, MI 48502, (810) 238-4410 (phone), (248) 238-0726 (fax); and defendant's counsel, James Tamm, 4111 Andover, Suite 300E, Bloomfield Hills, MI 48302, (248) 433-2000 (phone), (248) 433-2001 (fax).

                                                                          s/David M. Lawson  
                                                                          DAVID M. LAWSON  
                                                                          United States District Judge

Dated: May 21, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 21, 2009.

                                            s/Susan K. Pinkowski  
                                            SUSAN K. PINKOWSKI